IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL WITTEMANN, *et al.,* individually and
on behalf of the Class, and others similarly situated,

                ORDER

              Plaintiffs,

    v.

              09-cv-440-wmc

WISCONSIN BELL, INC.,

              Defendant.

---

On June 23, 2010, the parties filed a joint motion to stay proceedings in this FLSA class action lawsuit while they pursue mediation in this case and in two related class action lawsuits in Illinois and Michigan. *See* dkt. 129. Although the court understands everything the parties are saying and is not totally unsympathetic to what they are trying to accomplish, the motion is denied.

Plaintiffs filed this class action lawsuit almost a year ago on July 14, 2009. They are "outside plant engineers" who claim that defendant has improperly denied them overtime compensation. Similar lawsuits against this defendant had been filed in federal court in Eastern Michigan on May 18, 2009 and in Northern Illinois on June 9, 2009. This court has seen many FLSA class action lawsuits in the past several years and on September 17, 2009 the court set its usual calendar for cases of this sort, including liability expert disclosure deadlines almost a year later, on August 16, 2010 and September 17, 2010, a dispositive motion filing deadline of October 1, 2010 and an eight- to twelve-week jury trial for February 28, 2011. On February 2, 2010, the court conditionally certified the FLSA class, which is pretty much the last substantive entry in the docket.

The June 23 motion to stay reports that the parties in all three of these lawsuits "continue to disagree about the legal and factual merits of plaintiffs' claims and defendants' defenses. But they agree that it is prudent to explore a resolution of these matters before

expending additional and potential unnecessary resources on additional discovery and motion practice." Dkt. at 3. They have agreed to schedule mediation for September or October of this year in all three cases, based on the opt-in periods in the other two cases, which apparently are moving more slowly than this case. Mediating three class action lawsuits will be time and labor intensive for all involved. *Id.* at 4. If, however, mediation is attempted and fails, then the parties undoubtedly will want–and need–more time for discovery, motions and trial. That simply adds more cost and delay to the proceedings.

In this court's experience, the most just, speedy and inexpensive way to resolve the parties' ongoing disputes is by means of dispositive motions and at trial. While this court encourages parties to attempt settlement if they believe the attempts would be fruitful, this is rarely a substitute for staying current with the schedule and trying the case on the appointed date if settlement efforts fail. Most of this court's previous FLSA class action lawsuits–like most of its other civil lawsuits–have settled, but this occurs within the existing schedule, not during a settlement moratorium. From this court's perspective, the parties have all of July and August to attempt mediation before beginning extensive work on summary judgment motions.

ORDER

It is ORDERED that the parties' joint motion to stay proceedings, dkt. 129, is DENIED.

Entered this 30th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge