IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**JOEL WITTEMANN, RANDY UDELL,**  
**CAROL COUILLARD, MICHAEL**  
**LOOMIS, and TERRENCE O'NEIL,**  
individually and on behalf of the Class, and others similarly situated,

        Plaintiffs,

v.

**WISCONSIN BELL, INC.,**

        Defendant.

Court File No. 09-cv-440

---

### THE PARTIES' JOINT APPEAL OF ORDER DENYING JOINT MOTION TO STAY PROCEEDINGS PENDING MEDIATION

---

Plaintiffs Joel Wittemann, Randy Udell, Carol Couillard, Michael Loomis, and Terrence O'Neil, and all other Plaintiffs that have filed consent forms in the above-captioned case ("Plaintiffs"), by and through their counsel, and Defendant Wisconsin Bell, Inc. ("Defendant"), by and through its counsel, respectfully submit this Appeal of Magistrate Judge Crocker's Order Denying the Parties' Joint Motion to Stay Proceedings Pending Mediation (the "Order"). (Dkt. 134.)

Rule 16 of the Federal Rules of Civil Procedure provides that a schedule may be modified "for good cause . . .." *Fed. R. Civ. P.* 16(b)(4). And as with all of the Federal Rules, it is to "be construed and administered to secure the just speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. For the reasons set forth below, the Parties respectfully submit that the Order filed on July 1, 2010, denying their Joint Motion To Stay

Proceedings Pending Mediation (the "Joint Motion To Stay") (Dkt. 129) was clearly erroneous inasmuch as it will have the effect of increasing the costs to the parties of resolving the matter and therefore should be reconsidered by this Court:

1. The Parties respect this Court's strict enforcement of deadlines and its reputation for being one of the most efficient federal courts in the nation. It has, however, erroneously elevated a general and admittedly valid principal regarding adherence to schedules over the circumstances of this particular case and, as a result, has, we think unintentionally, increased the costs to the Parties of resolving this case.

2. Unlike most of this Court's previous FLSA lawsuits (or most of its other civil lawsuits), this case is sufficiently related to cases in two other federal district courts that cost savings and other efficiencies may be achieved by the parties through coordination of those three proceedings. Indeed, the Court acknowledged the relatedness of the three cases in its ruling on the only discovery motion filed to date. *See Order On Motion To Compel and For Sanctions*, dated 2/3/10 (Dkt. 92) (directing counsel to "commit to writing procedures governing how the parties . . . will conduct discovery that overlaps or may overlap between the related FLSA lawsuits in Wisconsin, Illinois and Michigan.") As outlined in their Joint Motion To Stay, the parties submitted to this Court a stipulated set of procedures governing overlapping discovery in the three cases.

3. Since that time, the parties have been able to achieve cost savings in discovery by avoiding duplication of overlapping depositions and otherwise negotiating issues of overlapping discovery together for all three cases, rather than separately for each. With their Joint Motion To Stay, the Parties hoped to achieve further cost savings and other efficiencies in their negotiations

over settlement, albeit at the *potential* expense of a roughly three month delay in the resolution of the case, if mediation is unsuccessful.

4. The Parties have moved with all due diligence within the original schedule set by the Court. And undersigned counsel and the parties in the other two, related cases, *Smallwood et al. v. Illinois Bell Telephone Co.*, No. 09-cv-04072 (N.D. Ill. *filed* June 9, 2009) ("*Smallwood*"), and *Wlotkowski et al. v. Michigan Bell Telephone Co.*, No. 09-cv-11898 (E.D. Mich. *filed* May 18, 2009) ("*Wlotkowski*"), have as well.

5. The Court denied the Parties' Joint Motion to Stay, finding that "if . . . mediation . . . fails, then the parties undoubtedly will want—and need—more time for discovery, motions and trial. That simply adds more cost and delay to the proceedings." (Dkt. 134.) Granting the Joint Motion To Stay would only *potentially* add delay to the proceedings – that is, if a mediation is unsuccessful. It was, however, clearly erroneous for the Court to find that granting the motion would add more cost to the proceedings.

6. Granting the Joint Motion To Stay would reduce the Parties' costs in two principal ways: (a) the attorneys' fees and mediation fees associated with a single mediation would be split one third each among the three cases; and (b) the expert costs associated with a single mediation would be split one third each among the three cases. Otherwise, the Parties will bear an increased burden in attorneys' fees, mediation fees, as well as expert costs in order to mediate this case separately. Moreover, if a joint mediation is successful, it would further reduce the Parties' costs by allowing them to divert resources to preparation for mediation from, instead, the preparation of motions to decertify and for class certification, liability expert reports, additional discovery and dispositive motions.

7.     Indeed, it is not without precedent for this Court to stay proceedings in FLSA cases or to modify scheduling orders to accommodate settlement discussions and special circumstances – even those that are not related to cases in other districts.  *See Sharpe v. APAC Customer Services, Inc.*, 09-cv-00329-wmc (W.D. Wis. *filed* May 26, 2009) (Dkt. 71 and Dkt. 80) (twice granting the parties' joint motion to stay proceedings to permit settlement discussions); *Dorman v. DHL Express (USA), Inc., et al.*, 09-cv-00099-wmc (W.D. Wis. *filed* Feb. 23, 2009) (Dkt. 127 and 136) (granting parties' request for new deadlines to pursue settlement negotiations in light of special circumstances facing defendant).  *See also Perry v. National City Mortgage, Inc.*, No. 05-cv-891-DRH, 2007 WL 2122417, at *1 (S.D. Ill. July 20, 2007) (granting joint motion to stay putative FLSA collective action for three months pending mediation).

8.     This is not a case where the parties are attempting to negotiate a settlement without having investigated each other's claims, defenses, and potential liability.  Rather, the Parties have diligently pursued discovery through written requests and deposition testimony.  To date, the Parties have taken fifteen depositions of Plaintiffs, their managers, and other corporate employees.  (See Dkt. 80-82, 94, 96, 111, 118, 121, 123, 125, 127, 130, 132, 135, 137.) Furthermore, the parties have exchanged and reviewed thousands of pages of documents related to Plaintiffs' job duties, hours worked, and Defendant's policies and practices.

9.     Nor is this a case in which the Parties are requesting a delay without ample justification.  In order to achieve the economies of scale the Parties hoped to achieve with a single mediation of all three cases, all three cases must be ripe for mediation.  They have been conditionally certified, but the Judicial Notice period for potential opt-in plaintiffs runs through July 10, 2010 in *Smallwood* and July 25, 2010 in *Wlotkowski*.  The parties in those cases cannot

effectively proceed to mediation until they know the number and identity of the opt-in plaintiffs. Once the scope of those cases is determined, Defendant needs time to gather, and the Parties need time to analyze the data, calculate damages, and prepare their mediation presentations. The Parties anticipate that this process will take them through August and into September. Counsel for the parties in all three cases are exchanging names of mediators and they hope to select one shortly, so that they may coordinate schedules for a September or early October mediation.

10. Counsel for the Parties are experienced wage-and-hour attorneys from highly regarded firms. The decision to agree to sit down with a mediator and attempt to settle these three lawsuits was not arrived at lightly. All parties have incurred significant costs and attorneys' fees prosecuting and defending the three lawsuits, and none of the parties are willing to concede liability. Taking into account all of the risks associated with continuing with the litigation, however, the parties are willing to discuss a compromise that would be mutually beneficial.

WHEREFORE, the Parties respectfully request that the Court reverse the Order and grant the Parties Joint Motion To Stay until October 20, 2010 as initially requested. In the alternative, the Parties request that the Court enter an Order modifying the scheduling order by extending all remaining deadlines by 90 days. To the extent the Court is unwilling to grant this appeal, the Parties request that they be permitted to present their case to the Court through oral argument.

Respectfully submitted,

Dated: July 7, 2010    s/Timothy C. Selander_____
Paul J. Lukas, MN Bar No. 22084X
Matthew H. Morgan, MN Bar No. 304657
Timothy C. Selander, MN Bar No. 0387016
**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

Fax: (612) 215-6870
Email: selander@nka.com

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS


/s/ Kenneth W. Gage_____
Kenneth W. Gage, IL Bar No. 6291335
Stacey Bentley, GA Bar No. 302929
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Tel: (312) 499-6000
Fax: (312) 499-6100
E-Mail: kennethgage@paulhastings.com


ATTORNEYS FOR DEFENDANT,
WISCONSIN BELL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2010, I electronically filed

**THE PARTIES' JOINT APPEAL OF ORDER DENYING JOINT MOTION TO STAY PROCEEDINGS PENDING MEDIATION**

with the clerk of the Court using the ECF system which will send notification of such filing to the following:

>Kenneth W. Gage
>**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
>kennethgage@paulhastings.com
>annfaust@paulhastings.com
>katiemanley@paulhastings.com
>sharonsemmens@paulhastings.com
>staceybentley@paulhastings.com

Dated: July 7, 2010                    s/Timothy C. Selander_____
                                       Timothy C. Selander, MN Bar No. 0387016
                                       **NICHOLS KASTER, PLLP**
                                       4600 IDS Center, 80 South Eighth Street
                                       Minneapolis, MN 55402
                                       Telephone: (612) 256-3200
                                       Fax: (612) 215-6870
                                       Email: selander@nka.com