IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOEL WITTEMANN, RANDY UDELL,
CAROL COUILLARD, MICHAEL LOOMIS,
and TERRENCE O'NEIL, individually and                                   ORDER
on behalf of the Class, and others similarly situated,
                                                                        09-cv-440-slc
                Plaintiffs,
  v.

WISCONSIN BELL, INC.,

                Defendant.
_____

This matter is before the Court on the parties Joint Motion for Preliminary Approval of Proposed Settlement and Certification of the Settlement Class ("Motion for Preliminary Approval").

I. **Preliminary Settlement Approval**

1. Based upon the Court's review of the parties Memorandum in Support of Joint Motion for Preliminary Approval, and all corresponding exhibits and papers submitted in connection with the Motion, the Court grants preliminary approval of the settlement.

2. The Court concludes that at this preliminary stage, the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. Of Sch. Dirs. Of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

3. The Court finds that the proposed settlement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

4. The assistance of an experienced mediator, David Rotman, reinforces the Court's finding that the proposed settlement is non-collusive.

II. **Certification of the Settlement Class**

5. For settlement purposes only, the Court certifies the following class under Fed. R. Civ. P. 23(e) (the "Settlement Class"): all individuals employed by Defendant in the job title "Manager, Outside Plant Planning and Engineering Design" at any time between July 14, 2006 and May 16, 2009 who are not Plaintiffs as defined in Paragraph 1(e) of the parties' Joint Stipulation of Settlement.

6. The Settlement Class meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) for purposes of a settlement class because there are more than one hundred putative class members and thus joinder is impracticable.

8. The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) for purposes of a settlement class because Plaintiffs and the class members share common issues of fact and law, including whether Defendant and failed to pay Plaintiffs and the class members proper overtime wages.

9. The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) for purposes of a settlement class because Plaintiffs' claims arise from the same factual and legal circumstances that for the bases of the class members' claims.

10. The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) for purposes of a settlement class because Plaintiffs' Counsel are qualified, experienced, and able to conduct the litigation and because the Named Plaintiffs' interests are not antagonistic to the class members' interests.

11. The Settlement Class satisfies Fed. R. Civ. P. 23(b)(3) for purposes of a settlement class because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

III. **Appointment of Plaintiffs' Counsel as Class Counsel and Named Plaintiffs as Class Representatives.**

12. The Court appoints Nichols Kaster, PLLP ("Nichols Kaster") as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g).

13. Nichols Kaster did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the class members' claims.

14. Nichols Kaster's attorneys have substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and are well-versed in class action and wage-and-hour law. Other courts have repeatedly found Nichols Kaster to be adequate class counsel in employment law class actions.

15. The work that Nichols Kaster has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class' interests.

IV. **Class Notice and Settlement Procedure**

16. The Court approves the Proposed Notice of Settlement (the "Notice") and directs its distribution to the Class.

17. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

18. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide: the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

19. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

20. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

21. The Court approves the following settlement procedure and timeline:

   1. Not later than January 18, 2011, the Settlement Administrator will mail the Notice of Settlement to the eligible employees.

   2. Plaintiffs and Class Members have until February 18, 2011 to review the terms of the settlement and return all required documents.

   3. After February 18, 2011 but not later than February 25, 2011, Plaintiffs will file a Motion for Final Settlement Approval and Motion for Attorneys' Fees and Costs.

   4. On March 4, 2011 at 1:00 p.m., the court will hold a fairness hearing for the purpose of (a) determining the fairness, adequacy, and reasonableness of the Settlement; (b) determining Class Counsel's attorneys' fees and costs; (c) approving the settlement and stipulation; and (d) entering Judgment.

    5. Defendant will disburse the Total Settlement Amount to the Settlement Administrator within seven days of the close of the notice period.

    6. Following the Court's Order granting final approval of the settlement, granting final approval of the stipulation, and entering Judgment, the Settlement Administrator will mail the settlement funds to the participating Plaintiffs and Class Members. In addition, the Settlement Administrator will disburse Plaintiffs' Counsel's approved attorneys' fees and costs to Plaintiffs' Counsel.

    7. Participating Plaintiffs and Class Members will have 120 days to cash their settlement checks. Following that date, any unclaimed funds and any funds remaining in the contingency fund will be donated to a cy pres fund agreed upon by the Parties and approved by the Court.

22.    The Court approves the FLSA settlement and finds that it was reached as a result of vigorously-contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

Entered this 13th day of January, 2011.

                            BY THE COURT:

                            /s/

                            STEPHEN L. CROCKER
                            Magistrate Judge